34260.    AUTOMATIC  SPRINKLER  CORPORATION  OF
AMERICA *et al. v.* RUCKER.

Decided November 12, 1952—Rehearing denied December 20, 1952.

376

C. *Baxter Jones Jr.*, *Powell*, *Goldstein*, *Frazer & Murphy*, for plaintiffs in error.

*Herschel Maddox*, *Joe Salem*, contra.

GARDNER, P. J. ■ This claim has been pending since May 11, 1950, the date on which this claimant applied to the State Board of Workmen's Compensation for compensation based on a change in condition since the accident of January 28, 1949.

The limitation provided in Code § 114-305, that "The right to compensation under this title shall be forever barred unless a claim is filed . . within one year after the accident," has no application to a claim or proceeding instituted in a proper case under Code (Ann. Supp.), § 114-709, which provides: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." See *U. S. Casualty Co.* v. *Smith*, 162 *Ga.* 130(2) (133 S. E. 851). Code § 114-709 originally provided that the claim or proceeding brought thereunder could be instituted "at any time," but by amendment the legislature provided that the same must be

brought "within two years from the date that the Board is notified of the final payment of claim." See Ga. L. 1937, p. 528; Ga. L. 1943, pp. 167, 169; and see *Maryland Casualty Co.* v. *Posey,* 58 *Ga. App.* 723 (199 S. E. 543). The present proceeding was instituted within said two-year period, and is a claim for compensation based on a change in the condition of the claimant, the present disability for which compensation is now claimed being the result of a back injury found to be either growing out of or aggravated by the accident of January 28, 1949. On March 9, 1949, the claimant was paid compensation for an injury to his left wrist sustained on January 28, 1949, under an agreement between himself and his employer, and duly approved by the board. Judge Whitman, of Fulton Superior Court, who heard the appeal of the claimant from the finding of the full board that the single director improperly found the claimant entitled to compensation, in that his claim had not been filed within one year from the date of the accident, i. e., January 28, 1949, correctly held that the provisions of Code § 114-305 had no application to a claim properly brought under Code § 114-709. It is claimed that the proceeding of May 11, 1950, for compensation on account of said back injury was an original claim for compensation. The claimant testified that when he received the arm injury on January 28, 1949, he felt a pain in his back, but that no disability then resulted therefrom. One accident may cause two injuries. One injury may cause a temporary disability only, while the other may result in a permanent disability, caused by the same accident, or such accident could aggravate a previous injury and cause permanent disability. See *U. S. Fidelity &c. Co.* v. *Garner,* 76 *Ga. App.* 87 (45 S. E. 2d, 109), and *Globe Indemnity Co.* v. *Brooks,* 84 *Ga. App.* 687 (67 S. E. 2d, 176). The judge of the superior court properly held, therefore, that the fact that a compensable injury resulted from a certain accident which injury does not develop or become known until after an award or settlement has been made as to a different injury resulting from the same accident or an aggravation of a previous injury, would not prevent the injured employee from claiming compensation for the injury causing the disability, which developed or became known within two years from the date that the board is notified

of the final payment of claim, and such claim may be asserted as for a change in condition of the injured employee. See *Georgia Marine &c. Co.* v. *Merritt*, 82 *Ga. App.* 111 (60 S. E. 2d, 419). Therefore, the Judge of Fulton Superior Court properly held that the full board incorrectly ruled that the claim for compensation could not be maintained by Rucker for a change in condition, "the same having been based on an entirely new source of disability and not a change in condition of the original injury for which compensation has been paid." The superior court correctly held: "The court does not construe the phrase, 'entirely new source of disability,' in the quoted finding above set forth, as relating to a different accident from the accident of the date of January 28, 1949, or to a disease aggravated or unaggravated by any other accident, but rather to the claimed back injury as the new source of disability. The court is of the opinion that the phrase, 'change in condition,' within the meaning of Code § 114-709, is not subject to a narrow construction and does not necessarily relate to a change in condition in respect of a particular or specific injury only, but rather that said phrase has a broader meaning and includes any change in the physical condition of the claimant subsequent to the entering of the award which stems or results from the accident in question, and that two specific injuries, such as, in this case, an injury to the wrist and an injury to the back, may both result from the same accident and may be compensated for as such, even though both do not develop or arise or become known at the same time." See *Georgia Marine &c. Co.* v. *Merritt*, supra; *Lumbermen's Mutual Casualty Co.* v. *Cook*, 195 *Ga.* 397 (24 S. E. 2d, 309). The full board in its award stated "that the present disability complained of by the claimant in this action on a change in condition was never reported in connection with the original accident on January 28, 1949. The only injury and disability complained of as a result of the accident of that date was an injury to the left wrist for which claimant was paid . . some compensation by agreement duly approved by this board. The present action or change in condition is based on a complained-of disability to the back and the claimant alleges that said back disability results from the same accident of January 28, 1949. The board finds that

no report was made and no claim filed for back injuries within one year from the date of said accident (January 28, 1949), and the board, therefore finds that this present action by the claimant on the grounds of a change in condition cannot be entertained; the same having been based on an entirely new source of disability and not a change in condition of the original injury for which compensation has been paid." The superior court properly held that the accident of January 28, 1949, could produce more than one injury, and that the fact that the disability caused by the hurt back did not develop until after the agreement for compensation for the injury to the wrist by said accident of January 28, 1949, had been entered into, approved, and paid, when same became known and caused the permanent disability of the claimant as found, did not render the present claim for compensation on account of such disability not a proceeding based on a change in condition. There was ample evidence to the effect that the accident of January 28, 1949, caused the back injury or aggravated a previous back injury. The finding of the single director was to that effect and the finding of the full board, in ruling that the claim for compensation on account of the back injury caused by the accident of January 28, 1949, cannot be entertained as a proceeding for a change in condition because such disability caused by the injured back was not reported in connection with the accident of January 28, 1949, approved the finding of the single director as to the accident of January 28, 1949. The full board was incorrect in holding in effect that one accident cannot cause two compensable injuries, one arising immediately and being temporary only, and the compensation therefor being paid under an approved agreement, and the other being permanent but not becoming known until later, but within two years from the date of the payment of such approved agreement for compensation, and the judge of the superior court correctly so ruled.

It follows that the award of the full board that the present claim was barred because no notice was given to the employer of any injury to the back and no claim was filed for back injuries within one year from the date of the accident, January 28, 1949, was error, and the judge of the superior court on appeal properly so ruled.

■ The single director found as a matter of fact that the claimant's present disability resulted from the accident of January 28, 1949, or that such accident aggravated a previous injury to the back and caused such disability, and there was evidence before him to support such finding of fact. This finding of fact is conclusive unless set aside by a contrary ruling of the full board on appeal.

The board, although they reversed the award of the single director, did so entirely upon a question of law, i. e., by applying to the facts the provisions of Code § 114-305, rather than the provisions of Code § 114-709, and this was held by the superior court to have been an erroneous application by the board of the law to the facts appearing. This court now rules that the superior court correctly so held.

The reasoning behind this ruling of the board was that the claimant not having reported that he hurt his back at the time of the accident on January 28, 1949, when he reported that he injured his arm, for which compensation was paid under an approved agreement, the claimant could not, after one year had passed since said accident in which the claimant claimed he hurt his back, report that he was now disabled in his back, as a result of said accident of January 28, 1949, and now claim compensation for such disability on the ground of a change in condition. As we have stated, and as clearly ruled by the judge of the superior court, the same accident may cause or give rise to more than one injury, and where, as here, the back injury did not develop into a disability until later, but "within two years from the date that the board had notice of the final payment of claim," which was on March 9, 1949, when the employer paid the compensation agreed upon under the approved agreement, on account of the temporary disability caused by the injury to the claimant's left wrist, there was a change in the condition of the claimant as a result of the accident, such as entitled him to proceed under the provisions of Code § 114-709. The claimant testified that, at the time he received the blow on his left wrist from the hammer in the hands of the fellow employee, he was in a "stooped" position and felt a pain in his back, and no one can gainsay that statement. It matters not that he might have previously had a back injury. If the acci-

dent of January 28, 1949, aggravated this previous back injury the disability later resulting therefrom was just as compensable as if the said accident had produced an entirely new back injury and resulted in immediate disability. There was a change in the condition of the claimant from his previous condition based upon the accident of January 28, 1949. The fact that the claimant never reported this to the doctor of ·the employer examining him for his arm injury resulting from this accident does not render the disability developing later, not compensable. The claimant stated that the pain in his back had passed away and no disability then resulted therefrom.

In *Burel* v. *Liberty Mutual Ins. Co.*, 56 *Ga. App.* 716(3) (193 S. E. 791), this court ruled that when an appeal is made to the full board from an award of a single director, it is a de novo proceeding. When the case is brought before the full board under the provisions of Code § 114-708, that board becomes a fact-finding body. Under the statute the board may make findings of fact and reach conclusions of law based thereon in the same manner as the single director. As to the facts, the board may take the evidence heard by the single director and may make findings of fact therefrom, or the board may take additional testimony, or the board may remand the proceeding to the single director to take additional evidence. Such findings of fact and findings of law and the award by the full board shall be made in the same manner as if the matter were heard before a single director instead of the full board. See *Watkins* v. *Hartford Accident & Indem. Co.*, 75 *Ga. App.* 462, 465 (43 S. E. 2d, 549).

While the review by the full board of the award of a single director is somewhat analogous to an appeal from the decision of a justice of the peace to a jury in his court, and an appeal to a jury in the superior court, the full board may determine not to review the case appealed to them as an entirely new proceeding. The full board is not bound to so deal with the award of the single director. The full board may, as here, accept the findings of fact made by the director, but rule that the single director did not apply the correct law to such facts. The full board has the power and the right to consider the claim entirely anew by hearing evidence, making findings of fact, and making findings

of law, just as if the claim had not been heard before the single director and findings of fact had not been made by him thereon. The board may do this, even though the findings of fact of the single director are supported by some evidence. See *Johnson* v. *Firemen's Fund Indem. Co.*, 79 *Ga. App.* 187 (3) (53 S. E. 2d, 204); *Watkins* v. *Hartford Accident &c. Co.*, 75 *Ga. App.* 462 (supra).

It is the duty of the board to make new findings of fact, if they deem them necessary and do not approve the findings of the single director, and they may do this by taking additional evidence or by using the evidence before the single director. However, this is not the only duty of the board. They must apply the law to the findings of fact and apply the law correctly. The hearing director acts in lieu of and for the board, and his findings of fact are conclusive unless set aside; and where, as here, the board does not set his findings aside but approves the same and bases an improper ruling of law thereon, the superior court, in holding that the board made an erroneous ruling of law, is bound by the facts as found by the single director and adopted by the board on review.

As stated, the proceeding before the full board has been termed a de novo proceeding before the board, and findings of fact may be made by the full board and conclusions of law may be reached by them based on such facts, and the full board may consider the testimony as already introduced and make their findings of fact thereon or may take additional testimony, and the board may remand the case to the single director with instructions to take such additional testimony. Here the findings of fact of the single director were necessarily approved and adopted by the board to make the ruling that the back injury, though caused by the accident of January 28, 1949, or thereby aggravated, was not now compensable because no report of it had been made and no claim therefor filed within one year from the date of the accident, January 28, 1949. This ruling this court holds to be error, in that the claim filed on May 11, 1950, for a permanent disability on account of the back injury was based on a change in the condition of the claimant, and was filed within the time required by law under the Code, § 114-709. But it is said that the board, by reversing the award of the

single director "in its entirety and the claim for compensation on the grounds of a change in condition is hereby denied," did not approve or adopt any of the findings of the single director. The award of the single director was that the claimant was entitled to compensation on account of the back injury, for 350 weeks at $20 per week, and also for medical expenses on account of such injury. We construe the meaning of the language of the award of the full board as reversing the award of the single director in its entirety under a question of law as applied by the single director to the facts which he found.

It is insisted by counsel for the employer and insurance carrier that it is the duty of the courts—in a case like the one at bar, where there has been an award of a single director finding in favor of the claimant and that he was entitled to compensation as the result of a disability springing from an accident causing a compensable injury, which award has been appealed to the full board under the provisions of the Code, § 114-708, for review, and that board reversed the award of the single director and held that the claimant was not entitled to the compensation awarded by the single director, and there is any evidence at all tending to support the award of the full board—to uphold such award, and that the superior court therefore erred in not affirming the award of the full board, there being some evidence in support thereof. This reasoning of counsel would be correct had the award of the full board on appeal not accepted the finding of the single director as to the accident of January 28, 1949, that the back injury was caused by this accident or aggravated thereby, and based their conclusion of the law thereon. The full board applied the law incorrectly to the finding of fact of the single director. To adopt the contention of the insurance carrier and employer as being the law, compensation claims would be long-drawn-out proceedings, and the very purpose of the enactment of our compensation laws would be defeated.

So the single director here found as a fact that the claimant's present disability resulted from the accident of January 28, 1949, or that such accident aggravated a previous injury, and there was evidence before him tending to support such finding. This finding of fact is conclusive unless set aside by the full

board on review, under Code § 114-708. See *Davis* v. *Bibb Mfg. Co.*, 75 *Ga. App.* 515 (43 S. E. 2d, 780) ; *Fralish* v. *Royal Indemnity Co.*, 53 *Ga. App.* 557 (186 S. E. 567). The full board made no separate findings of fact, but, on appeal to it, reversed the award of the single director on what we have held to be an erroneous theory of law as applied to the findings of fact of the single director (certainly the facts found by the single director were a material portion of the entire record—the board considered the entire record) ; and that board, in ruling that the claimant—not having given notice to the employer and not having filed a claim within one year from the date of the accident of January 28, 1949—was barred, necessarily ruled to the effect that the present claim was not properly based on a change in condition, but was for compensation for an injury caused by the accident of January 28, 1949, when the claimant sustained an injury to his arm for which he was paid compensation, and was for compensation for a new injury arising out of such accident, of which he did not give notice and did not file claim within one year from January 28, 1949. Therefore, in effect, the full board approved and accepted the award of the single director insofar as he found that the claimant was seeking compensation for an injury or aggravation of a previous injury, resulting from the accident of January 28, 1949, but holding that the same was not based on a change in condition and, therefore, was barred because more than one year had passed. Therefore, there has been a finding of fact, supported by the evidence, and on which the board based their ruling, that the injury to the claimant's back, causing him disability, either resulted from the accident on January 28, 1949, or was aggravated thereby. *Lumbermen's Mutual Cas. Co.* v. *Cook*, 195 *Ga.* 397 (24 S. E. 2d, 309). In the instant case, this was found by the single director and approved by the full board, making an erroneous ruling of law based thereon. See *Williams* v. *American Mut. Liab. &c. Co.*, 72 *Ga. App.* 205 (33 S. E. 2d, 451). Where the award of the full board is based upon an erroneous conclusion drawn from the facts and the law applicable thereto, it is proper for the judge of the superior court to reverse such award and enter such judgment in the premises as is proper under the law and the facts as disclosed by the award. *Glens Falls Indemnity Co.* v. *Clark*, 75 *Ga. App.* 453, 458 (43 S. E. 2d, 752).

From the facts in the instant case and the law applicable thereto, it is clear to us that the judge of the superior court erred in his judgment in referring the case back to the full board with authority to find any conclusion of facts different from the finding of facts of the single director either from the evidence taken by him or additional evidence. This is clear to us. The only finding of facts in this case was that of the single director. As we have stated, the full board had authority, on appeal to it to enter a different finding of facts under the evidence taken by the single director or to have additional evidence. The full board, as we have stated, did not do this. The only question of fact before the superior court and this court is that found by the single director, and it is the duty of the superior court and this court to sustain the finding of facts by the single director if there is any competent evidence to support such findings.

The judgment of the superior court on the application of the law to this case is affirmed; but so much of the judgment referring the case again to the full board with direction to make another finding of fact is erroneous, and is reversed in this particular. Therefore, let the case be remanded to the full board with direction that the law contained in Code § 114-709 be applied to the facts as found by the single director.

*Judgment affirmed with direction. Townsend and Carlisle, JJ., concur.*