39900. GENERAL MOTORS CORPORATION, FISHER BODY DIVISION v. BOWMAN.

Decided February 11, 1963.

*King & Spalding, Charles H. Kirbo, William H. Izlar, Jr.,* for plaintiff in error.

*Kelley Quillian,* contra.

BELL, Judge. ■ The principal issue in this case is whether a claimant who has received workmen's compensation for a back strain can make a claim and be awarded compensation for a change in condition based on an injury to his leg which is found to stem from his initial back injury after more than one year has passed since the initial injury which precipitated his back disability.

The employer contends that, since there is a clear distinction between the type of injury for which compensation is payable under *Code Ann.* § 114-404 (*loss of earning power*) and that awardable under *Code Ann.* § 114-406 (loss of use of a specific member), with distinct criteria for determining each, there can be no later award under the guise of a change in condition for the loss of use or loss of use of a part of a specific member of the body where the initial award was for general loss of earning power.

While the specific question has not been ruled upon by our appellate courts, a similar situation seems to have appeared in *Automatic Sprinkler Corp. v. Rucker,* 87 Ga. App. 375 (73 SE2d 609). In *Rucker,* more than a year after the initial injury the claimant made application for a hearing on the ground of change in condition. At the hearing on the ground of change in condition, evidence was introduced to the effect that either his back was hurt on January 28, 1949, the day of the initial injury or that the accident on that day had aggravated a pre-existing back condition. As a result of that hearing, claimant was found by the single director to have both a temporary disability and a 50% permanent disability. Upon appeal to the full board, the full board found that the back disability he complained of was never reported in connection with the original accident and that the only injury complained of stemming from the initial accident was an injury to the left wrist for "which claimant was paid some compensation by agreement duly approved by this board." The full board further found that, since no report was made or a claim filed for a back injury within one year from

the date of the accident, the claim for compensation on ground of change in condition could not be entertained as it was an entirely new source of disability and not a change of condition from the original condition for which compensation was paid. Both the superior court and this court held that the full board erred. In *Rucker* it was pointed out that the one-year limitation for filing a claim did not apply to an application for a hearing on the ground of a change in condition under *Code Ann.* § 114-709. It was reasoned that one accident may cause two injuries. *Rucker* held that the fact that a compensable injury resulted from a certain accident, which injury does not develop or become known until after an award or settlement has been made as to a different injury resulting from the same accident or an aggravation of a previous injury, would not prevent the injured employee from claiming compensation for the injury causing the subsequent and different type disability. ". . . The phrase, 'change in condition,' within the meaning of *Code* § 114-709, is not subject to a narrow construction and does not necessarily relate to a change in condition in respect of a particular or specific injury only, but rather that said phrase has a broader meaning and includes any change in the physical condition of the claimant subsequent to the entering of the award which stems or results from the accident in question, and that two specific injuries, such as in this case an injury to the wrist and an injury to the back, may both result from the same accident and may be compensated for as such, even though both do not develop or arise or become known at the same time." *Automatic Sprinkler Corp. v. Rucker,* 87 Ga. App. 375, 381, supra.

In order to accomplish its beneficent purposes the Workmen's Compensation Act is to be interpreted liberally in favor of those claiming compensation. We interpret the *Rucker* case as holding that where one sustains a disabling injury to a specific member of the body and thereafter the condition of other parts of the body changes because of the accident so that there is a generalized disability as contrasted with a specific disability to a body member such as an arm or leg, that upon application for compensation based upon such a change in condition from a

specific to a general disability, additional compensation may be awarded. A fortiori, two related injuries such as those in the present case, an injury to the back which first became disabling, and an injury to the leg, which stems from the back injury but was not disabling at first, may properly be held to result from the identical accident and may be compensated for even though the disability from both does not develop or arise or become known at the same time.

As we comprehend *Code Ann.* § 114-709, compensation may be awarded for disability resulting from an injury to a specific member of the body as a change in condition from a related general disability stemming from an accident. We think there may be a change in condition from a specific to a general disability or vice versa, provided, of course, that the claimant's total compensation does not exceed the limit prescribed by *Code Ann.* § 114-404.

■ The only other question remaining is whether the findings of fact by the board were sufficient to support its conclusion that the claimant had undergone a change in condition. When the case was remanded to the full board, it found as a fact that the claimant had undergone a change in condition and was then suffering a residual permanent partial disability of 25% loss of use of the left leg. This finding was supported by competent evidence. We interpret this finding as meaning that the change in condition as shown by the record was from the claimant's ability to use his leg to a 25% loss of use of the leg. This is a sufficient finding of fact to support an award for 25% loss of use of the left leg and medical expenses up to the statutory maximum, which was the award in this case.

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*