40353. U. S. CASUALTY COMPANY et al. v. TRUETT.

DECIDED SEPTEMBER 16, 1963.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiffs in error.

*E. B. Jones, Jr., Howe & Murphy, Harold L. Murphy,* contra.

NICHOLS, Presiding Judge. The employer and the insurer contend that the original agreement entered into between the parties and approved by the board showing an injury to the claimant's leg only, under the doctrine of res judicata, estops the claimant from later claiming or being awarded compensation for injury to his back arising from the same accident.

Under the decisions in *Automatic Sprinkler Corp. v. Rucker,* 87 Ga. App. 375 (73 SE2d 609), and *General Motors Corp. v. Bowman,* 107 Ga. App. 335 (130 SE2d 163), an award based upon "change in condition" is authorized where an agreement between the parties, approved by the board, shows a compensable accidental injury although it does not show the specific injury for which compensation is then sought. As was said in *Automatic Sprinkler Corp. v. Rucker,* supra, and quoted in *General Motors Corp. v. Bowman,* supra: "The phrase, 'change in condition,' within the meaning of *Code* § 114-709, is not subject to a narrow construction and does not necessarily relate to a change in condition in respect of a particular or specific injury only, but rather that said phrase has a broader meaning and includes any change in the physical condition of the claimant subsequent to the entering of the award which stems or results from the accident in question, and that two specific injuries, such as in this case an injury to the wrist and an injury to the back, may both result from the same accident and may be compensated for as such, even though both do not develop or arise or become known at the same time." The employer and the insurer could contend that the disability did not stem from the accident of November 3, 1961, *Pepperell Mfg. Co. v. Mathis,* 92 Ga. App. 85 (88 SE2d 201), or that there was no disability from such injury then existing, *Travelers Ins. Co. v. Haney,* 92 Ga. App. 319 (88 SE2d 492), but the agreement which showed an injury to the claimant's leg did not estop the claimant, under the doctrine of res judicata, from showing a present disability to his back arising from or aggravated by the injury of November 3, 1961.

The evidence adduced at the hearing and the deposition of the

324

claimant's physician, later submitted, authorized the award, and the Superior Court of Carroll County did not err in affirming it. *Judgment affirmed. Frankum and Jordan, JJ., concur.*