## 41892. GORMAN v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al.

FELTON, Chief Judge.  1.  An agreement to pay and receive compensation for temporary total disability, signed by the employee and employer and approved by the State Board of Workmen's Compensation, is res judicata as to the condition of the employee on the date of the agreement and cannot be questioned or affected by the opinion of a physician that he examined the employee two days prior to the agreement and that he at that time thought that the employee could return to work.  There being no other evidence that the employee's physical condition had improved to the extent that he was able to return to work, the employer failed to carry its burden of proving a change in condition and the board correctly so ruled.

2. The purpose of the hearing in this case was to decide whether there had been a change in condition on the employer's application and whether the employee was entitled to further medical payments, on his application.  In finding in favor of additional medical payments for the employee, the board was authorized to find from the evidence that the employee suffered an additional injury, to wit, one to his back, in the accident, even though the compensation agreement stated that the injury was to his stomach.  *Automatic Sprinkler Corp. v. Rucker,* 87 Ga. App. 375, 381 (73 SE2d 609); *General Motors Corp. v. Bowman,* 107 Ga. App. 335 (130 SE2d 163); *U. S. Cas. Co. v. Truett,* 108 Ga. App. 322 (132 SE2d 789).  If there could be said to be any competent evidence that the employee was able to return to work, insofar as the stomach injury was concerned, the evidence as to an injury to the back, though not discovered at the time

of the agreement, was sufficient to authorize the finding of the board that the burden of proving a change in the employee's condition for the better had not been carried by the employer.

3. The finding of the board was authorized and the reversal of the award of the full board on the theory that the agreement showed injury to the stomach alone and that the board could consider whether the employee's condition had improved only insofar as the injuries to the stomach were concerned, was erroneous. In such a case the burden is on the employer to prove a change for the better as to all injuries received by the employee by reason of the accident for which compensation was due.

The court erred in reversing the award of the board and in remanding the case.

*Judgment reversed. Frankum and Pannell, JJ., concur.*

ARGUED APRIL 6, 1966—DECIDED APRIL 19, 1966.

*George & George, William V. George,* for appellant.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellees.