42012. AETNA CASUALTY & SURETY COMPANY et al.
v. WALKER.

Submitted May 2, 1966—Decided June 10, 1966—Rehearing Denied June 28, 1966.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for appellants.

*Merritt & Pruitt, Glyndon Pruitt,* for appellee.

FELTON, Chief Judge. Mrs. Mable Walker suffered a compensable injury on June 10, 1964, when she was struck on the head by a flying shuttle. An agreement to pay compensation for temporary total disability was entered into on June 24, 1964, and approved by the board on July 8, 1964, whereby the appellant employer and insurer agreed to pay compensation to the claimant until her disability ceased. On August 22, 1964, appellants filed an application for a hearing based on a change in condition. The State Board of Workmen's Compensation found that claimant had not undergone a change in condition and entered an award continuing payment. This award was affirmed by the superior court, from which judgment the employer and insurer appeal.

The following evidence was adduced at the hearing: The claimant had never had any back trouble prior to the accident of June 10, 1964. The shuttle flew out of a loom, striking claimant's head, neck and shoulder on the right side with such force that, although she didn't fall down immediately, she slumped down almost to her knees while being helped to a chair and she could not remember anything that happened for three days thereafter. Claimant testified that she was having trouble with her back at Hall County Hospital, where she was taken immediately following the accident; that it felt as if her back and hips were paralyzed and as if two strings were pulling up and down her back until they gave her a shot; that the symptoms of these "strings," dizziness and headaches went away after she was operated on for the removal of a ruptured disc in her lower spine, but that she continued to have trouble with her back and legs thereafter; that she had not fallen, stumbled or hit anything between the time of the accident and her discharge from Hall County Hospital, but had been having trouble with her back ever since that time. Dr. Jolley testified that when he saw claimant first, on July 7, 1964, she was having back pain; that his X-rays revealed a congenital condition of a partially fused segment of her lumbar spine to the

sacrum and also a ruptured disc which would be caused by some type of injury; that the drawing sensation in the claimant's leg could be a symptom of a herniated disc, which she had; that the claimant's back injury might have been caused by her accident only if it involved some type of twisting movement, or jarring, and that it appears to have occurred some time between the injury and the time he saw her. Dr. Blackshear testified that a blow with enough force to knock the claimant down could cause a disc injury, but that the events in evidence would not be likely to. He further testified that she had no symptoms regarding a disc in the lower back at the time of his treatment and examination and that one can sustain a ruptured disc and not suffer pain immediately, although it usually is manifest within a few days.

"By 'change in condition' is meant a change in the physical condition of the claimant subsequent to the entering of the award; and where on a hearing requested by the employer to determine change in condition, it does not appear that the claimant's physical condition has changed for the better since the previous award, the employer cannot prevail even though the previous award erroneously awarded the claimant compensation. *Georgia Marine &c. Inc. v. Merritt,* 82 Ga. App. 111 (60 SE2d 419)." *Aetna Cas. &c. Co. v. Dunagan,* 111 Ga App. 801 (143 SE2d 423). "The State Board of Workmen's Compensation has authority, after approving an agreement based on an injury to a specific member, to award compensation, upon a hearing based on 'change of condition,' for an incapacity to labor resulting from the same accident which caused the injury to the specific member but which did not itself incapacitate the claimant until after the original agreement was approved." *U. S. Cas. Co. v. Truett,* 108 Ga. App. 322 (132 SE2d 789). The *Truett* case held that an agreement which showed an injury to the claimant's leg did not estop the claimant, under the doctrine of res judicata, from showing a present disability to his back arising from that same injury.

Accordingly, the fact that the injury is designated as a "head injury" in the original agreement would not preclude a finding of continued total disability caused by a back injury, if sustained as a result of that same accident. Although the evidence was conflicting, it was nevertheless sufficient to authorize the findings

that the claimant's physical condition had not changed for the better since the previous award, that her present disability was caused by her back injury and that her back injury resulted from the accident in question.

Therefore, the court did not err in its judgment affirming the award of the board, which was based on competent evidence with no error of law appearing.

*Judgment affirmed.*   *Frankum and Pannell, JJ., concur.*

## CORRECTION.

Page 9, line 9 from top. Change statement of judgment to read: *"Judgment reversed. Jordan, J., concurs. Felton, C. J., concurs specially."*