27901. BITUMINOUS CASUALTY COMPANY *et al. v.* DYER, administrator.

DECIDED JANUARY 31, 1940. REHEARING DENIED MARCH 16, 1940.

*Edwards F. Taylor, William H. Sanders,* for plaintiff in error. *Thomas A. Jacobs Jr.,* contra.

FELTON, J. This case is in this court by virtue of a writ of error from a judgment of the superior court reversing an award of the Industrial Board denying the claimant compensation under the workmen's compensation act. The claimant, W. G. Dyer, was injured in the course of his employment on August 21, 1937, when a heavy roll of paper fell on his right foot. As a result of this injury the claimant was away from his work about two weeks, during which time he was paid his regular wage. At that time he returned to his work, and worked until July 9, 1938, at which time he quit work as being disabled on account of the injury to his foot. It was admitted by the employer and insurance carrier that the claimant was paid compensation on account of his injury for the two weeks that he was out in 1937.

On October 5, 1938, claimant wrote to the Industrial Board ask-

ing a hearing on the ground that there had been a change in condition, and to determine the disability of the claimant. At this hearing, held in December, 1938, it was agreed by counsel for both the claimant and the carrier that the only question to be determined was the amount of specific disability the claimant was suffering. Evidence was introduced (which will not be gone into here, but will be referred to in the opinion) and the single director made an award of compensation to the claimant at one half his weekly salary from July 9, 1938, until maximum improvement was reached or until there was a change in condition. On appeal to the full board this award was reversed, and the full board held that the claimant had refused a tendered operation, and was therefore not entitled to compensation until after the tendered operation was performed. The judge of the superior court, on appeal to that court, made the following order: "The above case coming on to be heard before the judge of the superior court on the 23 day of June, 1939, and the court deciding and holding that the decision of the Industrial Board is erroneous, and deciding that the injured claimant did not refuse a tendered operation within the meaning of the law, and the case being controlled by a decision of the legal question involved, and the claimant W. G. Dyer having died pending the appeal and W. G. Dyer Jr. as temporary administrator having been made a party, and counsel for the administrator contending that an award should be made by the superior court for the payment of one half his weekly wage from July 10, 1938, until the date of his death and moving the court to enter a final decree, and that no reason appears why the case should be recommitted to the Industrial Board, and that under the law a final decree and judgment of this court is proper in the case, it is therefore ordered that Mulberry Market and the Bituminous Casualty Co. show cause before the court on the 7th day of July, 1939, at 10 a. m., why a final judgment and decree should not be rendered and the case not be recommitted to the Industrial Board." Exceptions pendente lite were filed to this order. Thereafter, the following order was passed by the judge of the superior court: "The above case coming on to be heard on this July 14th, 1939, and the court having rendered its judgment reversing the finding of the Industrial Board, and finding as a matter of law that claimant W. G. Dyer should receive compensation at the rate of $12.50 from July 10, 1938,

until the date of his death, March 18th, 1939, and the court finding as a matter of law that W. G. Dyer had not refused a tendered operation as required by law, it is therefore ordered and adjudged that W. G. Dyer was due compensation which accrued prior to his death from July 10, 1938, until March 18th, 1939, at the sum of $12.50 per week, and it is ordered and adjudged that judgment be rendered in said case in favor of W. G. Dyer Jr., as administrator of the estate of W. G. Dyer, against Mulberry Market and Bituminous Casualty Co. in the sum of $460.70, and ordered that execution issue for said sums." It was agreed that the weekly wage of the claimant was $22.50 per week, and that half of this weekly wage would be $11.25 per week.

Counsel for the plaintiff in error says that the judgments of the superior court were error for the following reasons: (1) that there is no evidence to authorize the decree for $12.50 per week in the total sum of $460.70; (2) that there is evidence in the record which will support the award of the Industrial Board in denying compensation; (3) that the court was not authorized by law to enter up a retroactive award to become effective as of July 10, when no notice was given the employer or the Industrial Board of a change in condition until October 5th; (4) that there is no evidence in the record which would authorize the court to make an award for total disability benefits when the injury was confined to the foot; (5) that the judge of the superior court was not authorized by law to enter up a final award for any sum.

1. Since the amount of the award entered up by the judge is patently a miscalculation, and since the case is to be reversed on other grounds, an elaboration on the first contention of counsel for plaintiff in error is unnecessary.

2. We think the judge correctly held that, as a matter of law, the claimant had not refused a tendered operation. Under the amendments to the workmen's compensation act (Ga. L. 1937, pp. 230, 233, 528, 532) in order to be barred from receiving compensation for refusal of a tendered operation, the operation must first be ordered by the Industrial Board, and nowhere in the record does it appear that any such order was ever made. The record does disclose that the claimant was being treated by a qualified physician during the entire time of his disability, and there was no refusal on his part to accept either treatment or an operation.

3. There is no merit in the third contention of plaintiff in error that the court was without authority to enter a retroactive award because there was no notice to the employer or to the insurance carrier. The testimony of the bookkeeper of the employer that the claimant quit work on July 9th because of his total inability to work was sufficient evidence to support the award, were it otherwise good.

4, 5. These two contentions of the plaintiff in error will be considered together. The orders of the judge set out that he found as a matter of law that the claimant was entitled to compensation at one half his weekly wage from July 10 until the date of his death. This award would necessarily be made under the provisions of the Code, § 114-404, which section provides for compensation when the incapacity to work resulting from an injury is total. It appears from the record that when the hearing before the deputy director was held it was agreed that the only purpose of the hearing was to develop just what the specific disability of the claimant was. The evidence showed that at the time the claimant quit work he was totally disabled. How long this total disability lasted is not shown by the evidence. The medical evidence was that while there was an injury and disability the injury was confined to the foot, and that there was not a total loss of the use of the foot, but that if the claimant stood on it all day there would be pain and discomfort. It does not appear from the record that the Industrial Board made any finding as to what per cent. disability the claimant had in his foot, nor does the record show they found that he was totally disabled for any specific length of time. It follows then, that the ruling of the judge is based on what he considered to be the evidence in the case, and what he judged the law to be. It does not appear that the judge sought to determine whether the evidence in the record was such as would support the award of the Industrial Board, or that he considered the case with the view in mind of having the Industrial Board ascertain the necessary facts. In his order he found what he thought to be the facts, and, in effect, had a de novo proceeding, the result of which was a final award of compensation. The sole fact-finding body under the workmen's compensation act is the Industrial Board, and, as was said by this court in *Martin* v. *U. S. Fidelity & Guaranty Co.*, 58 *Ga. App.* 59, 63 (197 S. E. 660), there is no provision of law

whereby an appeal from an award of the Industrial Board can be converted into an original suit. We think then that the judge should have recommitted the case to the Industrial Board in order that they might determine how long the claimant was totally disabled, and what specific disability there was present at the time of the hearing, and between the time the claimant quit work and his death. It has been held by this court and the Supreme Court that in a case involving an injury to a specified member of the body, as described in Code, § 114-406, the amount of compensation which can be awarded for such injury is the amount set out in that Code section, and such compensation will be in lieu of all other compensation. *Liberty Mutual Insurance Co.* v. *Holloway,* 58 *Ga. App.* 542 (199 S. E. 334), and cit. Thus, in the case sub judice, the claimant would be entitled to total compensation for the time that he had a total incapacity to use his foot, but since it appeared that later he did not have a total incapacity in his foot, the compensation to be paid would be computed according to Code § 114-406.

6. The court did not err in holding that the claimant had not refused a tendered operation or proffered medical treatment, but the court did err in holding that the claimant was entitled to compensation at the rate of one half his weekly salary between the time he quit work and the date of his death, and in entering a final judgment for such amount in favor of the administrator of the claimant. The judgment reversing the award of the Industrial Board denying compensation is affirmed, with direction that the case be recommitted to the Industrial Board for a determination of the questions indicated in divisions 4 and 5 of this opinion.

*Judgment affirmed, with direction. Stephens, P. J., and Sutton, J., concur.*