## 35757. ROBERSON *v.* LUMBERMENS MUTUAL CASUALTY CO. *et al.*

DECIDED SEPTEMBER 7, 1955.

574

*Randall Evans, Jr.,* for plaintiff in error.

*Fulcher, Fulcher & Hagler,* contra.

NICHOLS, J. ■ The claimant argues that the full board merely sustained the award of the single director, and did not decide that it was the decision of the full board, and that it is one thing to sustain a decision of a trior of facts, and quite another to render a judgment or verdict on those facts.

The award of the full board stated in part: "After careful review of the entire record, . . . the full board is of the opinion that the award and findings of the director are in keeping with the law and the evidence." It did not state that there was some evidence to support his findings and award and therefore it would not be reversed. When the full board issued their award stating that the findings and award of the single director were in accord with the law and evidence, it necessarily meant that the full board concurred in the award of the single director. "The fact that the commission failed to set forth in its award the facts as found by it does not require another hearing of the case." *Williams* v. *Travelers Ins. Co.,* 41 *Ga. App.* 362 (153 S. E. 77). Accordingly, there is no merit in this contention of the claimant.

■ It is contended that the superior court reviewing the case could have remanded it to the State Board of Workmen's Compensation for an examination of the claimant by a physician paid by the board.

Code § 114-713 provides that the board or a director may appoint a disinterested physician, to be paid by the board, to examine a claimant on the motion of either of the parties, or on its own motion. Where, as here, no request for this to be done appears in the record, there could be no manifest abuse of discretion, given to the board under this Code section, which would require a reversal of the award made by the board and affirmed by the superior court. See *Ingram* v. *Liberty Mutual Ins. Co.,* 62 *Ga. App.* 789 (10 S. E. 2d 99).

■ There was evidence to support the findings of the full board that the claimant had not carried the burden of proof that there had been a change in condition. Where there is any evi-

dence to support the findings of the full board, neither the superior court nor this court will reverse such findings and award. See *Bituminous Casualty Corp.* v. *Jackson,* 68 *Ga. App.* 447 (22 S. E. 2d 191).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*