19705. PACIFIC EMPLOYERS INSURANCE CO. *et al. v.* WEST.

CANDLER, Justice. Mrs. Lillian N. West filed a claim with the State Board of Workmen's Compensation against Gate City Table Company, Inc., in which she sought an award under Code § 114-413 for the death of her husband, Edward R. West. The defendant, as her deceased husband's employer, and its insurance carrier, Pacific Employer's Insurance Company, contested her claim on the ground that her husband's death did not result from an injury growing out of and in the course of his employment. Her claim was heard by a deputy director of the board, and, on the findings of fact, an award of $25.50 per week for a period not to exceed 400 weeks and $350 for funeral expenses was made to her. The employer and the insurance carrier appealed to the full board. On January 11, 1956, the board by a majority decision, but without hearing any evidence and without adopting the deputy director's findings of fact or making its own findings of fact from the evidence heard by the deputy director, held that the claimant was not entitled to compensation in any amount. On January 24, 1956, the claimant filed with the full board what she denominated as an extraordinary motion for a rehearing. She attached to this motion an affidavit by Gene West, who had testified as a witness for the defendants at the hearing before the deputy director, in which he deposed that he was angry with the claimant, his step-mother, at the time of giving his testimony and that his evidence was either untrue or related to matters about which he had no personal knowledge. Her extraordinary motion was denied by the board on February 15,

1956. From these two judgments the claimant in due time appealed to the Superior Court of Fulton County. That court sustained the board's ruling on the claimant's extraordinary motion for a rehearing and that part of his judgment was not excepted to. He reversed or set aside the board's judgment denying compensation to the claimant, since it was not based on any findings of fact adopted or independently made by the board, and, on the deputy director's findings of fact, he entered a final judgment in favor of the claimant for the amounts previously awarded her by the deputy director. To these two rulings the employer and its insurance carrier excepted and sued out a writ of error to the Court of Appeals. That court, while sitting as a body for the determination of the questions presented, was unable to render judgment because of an equal division between the judges and the case was transferred to this court for decision under article 6, section 2, paragraph 4 of the Constitution of 1945. However, a memorandum opinion by that court which was transmitted with the record to this court shows that all of the judges of the Court of Appeals were in agreement that the trial judge correctly reversed or set aside the board's award since it was not based on findings of fact adopted or independently made by the board; but Felton, C. J., Gardner, P. J., and Townsend, J., were of the opinion that the trial judge should have reversed or set aside the decision of the full board with direction that it make its own findings of fact and base its decision on such findings, while Carlisle, Quillian and Nichols, JJ., were of the opinion that the entire judgment of the trial judge should be affirmed. *Held:*

1. This case was heard originally by Alta Peterson, a deputy director who was appointed as such by the State Board of Workmen's Compensation under the provisions of Code (Ann.) § 114-702. As such deputy director she was authorized to hear and determine the claimant's application for compensation. From the evidence heard by her she made her findings of fact and on such findings awarded compensation to the claimant. From the award made by her, the employer and its insurance carrier appealed in due time to the Workmen's Compensation Board and such an appeal opened the entire case for a de novo hearing before the board as a fact-finding body. Code § 114-708; *Travelers Insurance Co.* v. *Roebuck,*

77 *Ga. App.* 739 (40 S. E. 2d 788) ; *Rose City Foods* v. *Usry,* 86 *Ga. App.* 307 (1) (71 S. E. 2d 649), and the several cases there cited. It is somewhat analogous to an appeal from the judgment of a justice of the peace to a jury in his court, which our courts have said is a de novo trial. *Peninsular Life Insurance Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264). The appeal to the board being a de novo proceeding, it may in its discretion hear the parties at issue, their representatives and witnesses. Code § 114-708. The board on this de novo hearing was required to make findings of fact on which to base its decision. Code § 114-707; *Liberty Mutual Insurance Co.* v. *Blackshear,* 197 *Ga.* 334 (28 S. E. 2d 860) ; *Southeastern Express Company* v. *Edmondson,* 30 *Ga. App.* 697 (1) (119 S. E. 39) ; *Bituminous Casualty Co.* v. *Dyer,* 62 *Ga. App.* 279 (7 S. E. 2d 415). And since the parties introduced no additional evidence at the hearing before the board, it could have adopted the deputy director's findings of fact as its own findings of fact or it could have made independent and different findings of fact from the evidence heard by the deputy director. *Ideal Mutual Insurance Co.* v. *Ray,* 92 *Ga. App.* 273, 276 (88 S. E. 2d 428). In this case it did neither, and its decision is like a verdict which is wholly unsupported by any competent evidence. *Integrity Mutual Casualty Co.* v. *Hankins,* 33 *Ga. App.* 339 (126 S. E. 554) ; *United States Fidelity & Guaranty Co.* v. *Christian,* 35 *Ga. App.* 326 (133 S. E. 639). Hence, on the appeal to the superior court, the judge thereof was required to reverse or set aside the board's decision for want of findings of fact to support it (Code § 114-710), and this part of his judgment is therefore not erroneous. *Southeastern Express Company* v. *Edmondson,* supra; *Roberson* v. *Lumbermens Mutual Casualty Co.,* 92 *Ga. App.* 572 (89 S. E. 2d 270). The decision in the first of these two cases was prepared for that court by Judge Bell and in headnote 1 it is said: "The Georgia workmen's compensation act (section 57) requires that the award of the Industrial Commission shall be accompanied with a statement of the findings of fact upon which it is made, in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed."

2. Since on an appeal from a decision of the State Board of Workmen's Compensation to the superior court, the judge

thereof is not vested with any fact-finding power (*Bituminous Casualty Co.* v. *Dyer*, 62 *Ga. App.* 279, supra), and since the compensation board on its de novo trial of the plaintiff's claim for compensation neither adopted and thereby approved the deputy director's findings of fact as its own findings of fact nor made its own independent findings of fact from the evidence heard by the deputy director as it was authorized to do under the compensation law, there was nothing on which the judge could base a final judgment awarding compensation to the claimant as he did. Consequently, this court must and does hold that the part of his judgment which made an award of compensation to the claimant is necessarily erroneous. Code § 114-710; *Martin* v. *United States Fidelity & Guaranty Co.*, 58 *Ga. App.* 59 (1) (197 S. E. 660).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Argued May 15, 1957—Decided June 10, 1957.

*Harry E. Monroe, Smith, Field, Doremus & Ringel, Palmer H. Ansley*, for plaintiffs in error.

*Cullen M. Ward, Ward, Brooks, Parker & Daniel*, contra.