## 36733. SWEATMAN v. HARTFORD ACCIDENT & INDEMNITY CO. et al.

FELTON, C. J. Where a claim for compensation is heard and determined by a single director or a deputy director and a timely application for review is made to the State Board of Workmen's Compensation within the time required by law, it is the function and duty of the board to hold a de novo hearing in the manner provided in Code § 114-708, which is that the board shall consider the case on the evidence before it, taken as provided in said Code section, and to make independent findings of fact of its own and render an award in

accordance with its own findings of facts and law. *Pacific Employers Ins. Co.* v. *West,* 213 *Ga.* 296 (99 S. E. 2d 89). An award by the board on such review which affirms the findings of a single director or deputy director on the ground that *there was ample evidence in the record to support the findings of the single director or deputy director* is not such an award as is contemplated by law, but is only an effort to pass on the case as if it had been appealed from a lower to a higher tribunal, and is not a trial de novo. Since the award by the board in this case merely affirmed the findings of the deputy director on the ground that there was ample evidence in the record to support them, there have been no legal findings and award by the full board as is contemplated by law and the judgment of the superior court affirming the board's award is reversed with the direction that the case be remanded to the full board with instructions to hear and decide the case de novo as provided by law.

*Judgment reversed with direction. Quillian and Nichols, JJ., concur.*

DECIDED JULY 2, 1957—REHEARING DENIED JULY 16, 1957.

*W. Alford Wall, Lynwood A. Maddox, Wendell C. Lindsey,* for plaintiff in error.

*Burt DeRieux, Marshall, Greene & Neely,* contra.