37551. AMERICAN CASUALTY COMPANY *et al. v.* WILSON.

220

DECIDED FEBRUARY 19, 1959—REHEARING DENIED MARCH 5, 1959.

*Smith, Field, Doremus & Ringel, Richard D. Carr, Charles L. Drew, H. A. Stephens, Jr., Kelley Quillian,* for plaintiffs in error. *Freeman C. McClure,* contra.

TOWNSEND, Judge. ■ It is contended by the plaintiff in error that the full board did not fulfill its legal function in this case of conducting a de novo investigation, but undertook to sit only as an appellate body. Where it appears from the award entered that the board acts upon the case only in an appellate capacity without deciding anew the issues raised, such action is illegal and the award must be reversed. *Sweatman* v. *Hartford Accident &c. Co.,* 96 *Ga. App.* 243 (99 S. E. 2d 548); *Pacific Employers Ins. Co.* v. *West,* 213 *Ga.* 296 (99 S. E. 2d 89). The full board may, under Code § 114-708, where no additional evidence is offered by the parties, adopt the deputy director's findings of fact as its own findings of fact, or it may make independent and different findings of fact from the evidence heard by the deputy director (*Ideal Mutual Ins. Co.* v. *Ray,* 92 *Ga. App.* 273, 276, 88 S. E. 2d 428) but it must do one or the other. The board here in its award stated that, after hearing argument and reviewing the

entire record it "hereby makes said findings of fact [of the deputy director] its findings of fact." The award is accordingly not subject to the criticism, as was the award in the *Sweatman* case, that it made no findings of fact from the record before it.

■ In two instances during the hearing, once in ruling over the objection of counsel for the employer that certain testimony was admissible, and again in refusing, over objection, to admit documentary evidence, the deputy director hearing the case stated in connection with his ruling: "I'm not bound by the rules of evidence and with the discretion given to the deputy director, I'm not admitting it." It is contended that the rulings were erroneous, prejudicial to the employer's case, and constitute reversible error.

Neither this court nor the Supreme Court has ever made a statement which can reasonably be construed to grant immunity from the rules of legal procedure to the Board of Workmen's Compensation, sitting either as a body or individually, nor has the legislature in creating the law which these courts interpret ever intimated that hearings may be conducted outside the fundamental framework of the law. The provision for appeal to the courts is of itself sufficient indication of this fact. "The State Board of Workmen's Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly." *National Surety Corp.* v. *Orvin*, 209 *Ga.* 878, 880 (76 S. E. 2d 705). It "acts in a quasi-judicial capacity." *Travelers Ins. Co.* v. *Haney*, 92 *Ga. App.* 319 (88 S. E. 2d 492). It can no more enter an award arrived at arbitrarily and without regard for the rules of evidence than it can enter an award unsupported by evidence—for of what value is competent evidence if it appears from the face of the record that the director gave it no more weight than other evidence which he should not have considered, or that he in fact refused evidence which he should have considered and which might reasonably have affected the result? A hearing under such circumstances could not result in a basis for judicial review, but would amount to no more than a town meeting.

It is true that an aggrieved party cannot assign error, as he can in a case tried before a court, on the illegal admission or ex-

clusion of evidence, and it may be this that the director had in mind in stating he was not bound by the rules of evidence. It will form a basis for review, however, that the board acted in excess of its powers, and an arbitrary and material disregard of those fundamental legal rules under which issues must be decided would be in excess of the powers of the board acting in a quasi-judicial capacity, and would also be a decision under an erroneous legal theory. The presumption that the board sitting in the capacity of judge and jury sift out inadmissible evidence (*Liberty Mutual Ins. Co.* v. *Meeks,* 81 *Ga. App.* 800 (2), 60 S. E. 2d 258) disappears in the face of the director's statement that he is not bound by the rules of evidence.

However, the appeal here is not from the decision of the deputy director but from the decision of the full board. The hearing before the full board is *de novo;* the parties may offer additional evidence, and the board has a discretion in hearing additional testimony. Code § 114-707; *Pacific Employers Ins. Co.* v. *West,* 213 *Ga.* 296, supra. Had the plaintiff in error desired to insist upon the admissibility and materiality of the documentary evidence rejected at the first hearing it could and should have offered the same upon the appeal, but it did not do so. While under Code § 114-707 the full board has a discretion as to whether or not it shall hear new evidence or review only the evidence before the deputy director, that discretion does not extend to cases where evidence was *properly offered* in the first instance and erroneously rejected, and is re-offered when the case is under consideration by the full board. Upon a review by the full board of all the evidence which was before the single director, it is the duty of that body to consider all evidence properly before the single director, even though erroneously excluded and not considered by him. The evidence was not before the board, and it is not included in the record here. Whether or not error existed in its exclusion is impossible to say, but the error, if any, was not committed by the full board, from the decision of which this appeal is taken. Nor will it be presumed that the full board gave weight to testimony objected to as hearsay (assuming but not deciding that the testimony was in fact subject to the objection), for which reason the admission of hearsay

testimony would not be a ground for reversal. *Davis v. Menefee*, 34 *Ga. App.* 813(2) (131 S. E. 527). The evidence of one of the medical witnesses, Dr. Shepard, although disputed, was to the effect that the original injury resulted in a 100% disability to the claimant, and that maximum improvement had been reached. This testimony together with the other evidence in the case was amply sufficient to support the award.

The judge of the superior court did not err in affirming the award of the full board.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*