45627.  TRAVELERS INSURANCE COMPANY et al.
v. LOVINS.

QUILLIAN, Judge. This is an appeal from an order of the superior court affirming an award of the State Board of Workmen's Compensation. The award of the board reversed an award of a deputy director which held that the claimant had undergone a change in condition.

The findings of fact stated by the board in its award were as follows: "There is an agreement to pay compensation which was approved by the board on January 7, 1969, which recited that the claimant received an accidental injury which arose out of and in the course of his employment on August 20, 1968, and that disability began on October 9, 1968, and further that the claimant should receive compensation at the rate of $50 per week based upon an average weekly wage of $240 from and including the 14th day of October, 1968, and continued until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia. There is a supplemental agreement which was approved by the board on January 28, 1969, agreeing that the employee returned to work on December 25, 1968, at the same wage as prior to the accident. There is a further supplemental agreement approved by the board on January 28, 1969, reciting that the claimant again became totally disabled on December 27, 1968, and that compensation at the rate of $50 per week should commence on said

date and continue until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia. On March 19, 1969, the defendants requested a hearing on the basis of a change in condition. The supplemental agreement approved by the board on January 28, 1969, agreeing that the claimant was totally disabled is res adjudicata and the law of this case as to that fact. Considerable medical testimony was introduced into the record, however, all of it considered together shows that the claimant's condition is essentially the same from a physical standpoint as it was on December 27, 1968, when he became totally disabled. The testimony of the claimant reveals that he has not returned to work. The board therefore finds that the defendants have failed to show a change in condition either physical or economic which would entitle them to terminate compensation payments." *Held:*

1. The employer contends that the award of the board is illegal because it was based only upon the record of the evidence which had been considered by the deputy director and the board did not, in fact, "hear the parties at issue, their representatives and witnesses." With this contention we cannot agree. As was stated in *Pacific Employers Ins. Co. v. West,* 213 Ga. 296, 298 (99 SE2d 89): "The appeal to the board being a de novo proceeding, it *may in its discretion* hear the parties at issue, their representatives and witnesses. *Code* § 114-708." (Emphasis supplied.)

2. The employer also contends that the evidence did not support the award. While the evidence was in conflict and would have amply sustained a finding that the claimant had undergone a change in condition, there was evidence to support the award of the board.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED SEPTEMBER 9, 1970—DECIDED NOVEMBER 23, 1970—
REHEARING DENIED DECEMBER 14, 1970—CERT. APPLIED FOR.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellants.
*G. Robert Howard,* for appellee.