77856. WILLIAMS v. CROMPTON HIGHLAND MILLS, INC. et al.

(379 SE2d 622)

CARLEY, Chief Judge.

During his 35 years of employment with appellee-employer, appellant-claimant was exposed to cotton dust. In February of 1970, he was forced to resign because of lung problems and he remained unemployed for an 11-month period. In January of 1971, he was hired by a construction company. He worked until 1974, when he was again forced to resign due to his lung condition. Thereafter, appellant remained unemployed for approximately a three-year period, after which he began a series of jobs.

When he was diagnosed as having byssinosis in 1977, appellant filed a claim for workers' compensation benefits. The Administrative Law Judge (ALJ) denied appellant's claim based, at least in part, upon the then-existing statute of limitation. Appellant appealed to the Full Board. The Full Board, after a de novo review, adopted the ALJ's findings and conclusions only "insofar as [they] determine[d] that [appellant's] claim is barred under the statute of limitation[s]." Appellant did not appeal to the superior court.

In 1983, however, appellant filed another claim for workers' compensation benefits based upon his byssinosis. After conducting a hearing, the ALJ found that appellant's renewed claim was not barred by the statute of limitation. As authority for this holding, the ALJ relied upon former OCGA § 34-9-281 (d), which provided, in relevant part, that, "with respect to cases of disability diagnosed as byssinosis prior to July 1, 1983, such claims shall be filed prior to July 1, 1984." The ALJ further found that appellant's "work record . . . shows that he suffered disablement because of his work-related disease causing temporary total and temporary partial economic disability because of his work-related disease. . . ." Appellees-employer/insurer appealed to the Full Board. The Full Board, substituting its own findings and conclusions for those of the ALJ, held that appellant had not suffered a compensable "disablement" because, within one year of being forced to leave his employment in February of 1970, he had begun a three-year period of employment with the construction company and had earned more than $20 per week. As the result of its ruling on the issue of compensability, the Full Board found it unnecessary to make findings and conclusions as to the statute of limitation issue.

Appellant appealed to the superior court. The superior court affirmed, concluding that only permanent disability from an occupational disease would be compensable. The instant appeal is the result of this court's grant of appellant's application for a discretionary appeal from the superior court's order.

1. Relying upon the "right for any reason" rule, appellees urge an

affirmance of the superior court's order on the ground that, regardless of compensability, the statute of limitation has run on appellant's claim.

"By its express language [former] OCGA § 34-9-281 (d) is applicable to all cases of disability diagnosed as byssinosis prior to July 1, 1983. There can be no doubt the legislature intended the section be given retroactive operation." *Canton Textile Mills v. Lathem*, 253 Ga. 102, 104 (1) (317 SE2d 189) (1984). The only distinction between the present case and *Canton Textile Mills*, supra, is that appellant was not only diagnosed as having byssinosis prior to July 1, 1983, he also filed a claim and was denied benefits prior to July 1, 1983. It is undisputed, however, that appellant's prior claim was not denied on the merits but solely on the basis of the then-existing statute of limitation. Accordingly, appellees assert, in effect, that they have a vested right in that former statute of limitation.

In *Bussey v. Bishop*, 169 Ga. 251 (150 SE 78) (1929), our Supreme Court did hold that, once the statute of limitation for seeking workers' compensation benefits has run, it becomes a vested right which is as valuable to the employer/insurer as the employee's right to file his claim. However, the holding in *Bussey v. Bishop*, supra, was specifically overruled in *Canton Textile Mills v. Lathem*, supra at 105: "[T]he legislature may revive a workers' compensation claim which would have been barred by a previous limitation period by enacting a new statute of limitation, without violating our constitutional prohibition against retroactive laws. . . . Our decision in this case is consistent with this court's general policy of construing the provisions of the Workers' Compensation Act liberally in order to afford the injured claimant a remedy. [Cit.]"

Accordingly, we construe the Supreme Court's decision in *Canton Textile Mills*, supra, as controlling authority for the proposition that appellees have no vested right in the former statute of limitation defense regardless of whether the viability of that former defense was or was not previously adjudicated. Appellant timely filed his claim for benefits prior to July 1, 1983 in compliance with former OCGA § 34-9-28 and his claim is not barred by the statute of limitation.

2. Former OCGA § 34-9-281 (b) (3) provided, in relevant part, that "an employer shall be liable for compensation . . . only where. . . . *Disablement . . . results within three years, in the case of byssinosis*, . . . after the last injurious exposure to the hazard of such disease in such employment. . . ." (Emphasis supplied.) "Disablement" was further defined as "the event of an employee becoming actually incapacitated because of occupational disease from performing his work in the last occupation in which he was injuriously exposed to the hazards of [byssinosis] or from performing any work in any other occupation for remuneration. Remuneration for work per-

formed in any other occupation, as herein used, shall mean remuneration which equals or exceeds 33-⅓ percent of the average weekly wages of the employee at the time of last injurious exposure, . . . or $20.00 per week, whichever is less. " 'Disability' means the state of being so totally incapacitated." Former OCGA § 34-9-280 (2).

The Full Board seemingly has interpreted former OCGA § 34-9-281 (b) (3) as a bar to an employee's recovery of any benefits if, at any time during the three-year period following his last injurious exposure, he ceases to suffer a "disablement" from byssinosis. This is an erroneous interpretation of the former statute. The purpose of former OCGA § 34-9-281 (b) (3) was not to require a three-year period of continuous "disablement" as a prerequisite to compensability for byssinosis. The purpose of that provision was merely to limit compensability to such cases as those wherein "disablement" from byssinosis manifested itself within the requisite three-year period. "[S]ome industrial diseases develop slowly; a point for commencing compensation must be determined in such cases as of a given date, just as the compensable point in other [workers'] compensation cases is determined by the date of accident, and accordingly, 'disablement,' which is the equivalent of 'accident' means the earliest time the disease can be identified when the employee actually becomes physically unable to work. . . . Disability results when, as a result of the occupational disease, the claimant cannot earn as much as $20 per week or one third of [his or] her former wages. *The event which determines disability is the event of becoming thus incapacitated as a result of the disease, and this is disablement, the starting point of the disability and of the compensable period.*" (Emphasis supplied.) *Yates v. U. S. Rubber Co.*, 100 Ga. App. 583, 587 (2) (112 SE2d 182) (1959).

Accordingly, whether or not appellant did earn more than $20 per week at some point during the three-year period subsequent to February 1970 would be a completely irrelevant inquiry under former OCGA § 34-9-281 (b) (3). The only relevant inquiry is whether or not appellant was unable at any point during that three-year period to earn at least $20 per week as the result of his byssinosis. "[I]f the employee can no longer perform the duties of his employment under exposed conditions, then whether or not 'disablement' (the equivalent of accident) occurs must be determined by whether or not the claimant can find other employment equal to at least one third of [his or] her former wages (or $20 if that is the lesser figure)." *Yates v. U. S. Rubber Co.*, supra at 587 (2). If, at any point during the three years subsequent to February 1970, appellant was unable to earn at least $20 as the result of his byssinosis, then his "disablement" from byssinosis manifested itself as of that point and the time requirements of former OCGA § 34-9-281 (b) (3) were satisfied. If, on the other hand, appellant could have earned at least $20 throughout the entire three

year-period notwithstanding his byssinosis, then he did not suffer a compensable "disablement" because the time requirements of former OCGA § 34-9-281 (b) (3) were not met.

Appellant earned no wages from February 1970, when he was forced to resign from his employment with appellee-employer, until January of 1971, when he began work for a construction company. However, the Full Board did not address the issue of whether or not appellant was, during this 11-month period, unable to earn at least $20 per week *as the result of his byssinosis.* Instead, the Full Board erroneously focused on the fact that appellant was earning more than $20 per week after January 1971 as a basis for denying compensation.

The superior court, apparently applying the "right for any reason" rule, affirmed the Full Board on the basis that a compensable disablement from an occupational disease "must be permanent in nature. The statute under no circumstances provides for 'intermediate' disablement due to an occupational disease. . . ." Under the applicable former occupational disease provisions of the workers' compensation law, "[d]isability [was] the state of being *totally* incapacitated as . . . defined [in former OCGA § 34-9-280 (2)]. The act [made] no provision for compensable *partial* disability in such cases." (Emphasis supplied.) *Yates v. U. S. Rubber Co.,* supra at 583-584 (2a). We find no authority, however, for the proposition that, in addition to being *total,* a compensable "disablement" from an occupational disease must also be *permanent.* OCGA § 34-9-288 provides that the general provisions of the workers' compensation law shall be applicable in cases of occupational diseases "unless otherwise herein provided or inconsistent herewith." With regard to compensability, the former statutory provisions regarding occupational diseases were inconsistent with the general provisions of the workers' compensation act *only* to the extent that benefits for partial disability pursuant to OCGA § 34-9-262 were not recoverable. See *Yates v. U. S. Rubber Co.,* supra. See also former OCGA § 34-9-208 (2) which defined "disablement" and further provided that "disability" meant "the state of being so *totally* disabled." (Emphasis supplied.) Accordingly, so long as appellant was unable to earn less than $20 per week as the result of his byssinosis, he was totally disabled as defined in former OCGA § 34-9-280 (2) and entitled to benefits calculated pursuant to OCGA § 34-9-261. If and when appellant's condition changed for the better and he was able to earn more than $20 per week notwithstanding his byssinosis, then he was no longer totally disabled and his entitlement to receive benefits ceased. The Full Board erroneously failed to address the issue of whether or not appellant was, during any of the periods of his unemployment subsequent to February 1970, unable to earn at least $20 a week as the result of his byssinosis and whether or not he was, therefore, entitled to compensation for total disablement during those peri-

ods.

3. For the reasons discussed, the superior court erred in failing to reverse the award and remand the case to the Full Board. " ' "Where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. . . ." ' [Cit.] We must therefore reverse the order of the superior court [with direction to] remand the case to the [Full] [B]oard to enter findings and conclusions consistent with the above." *Barry v. Aetna Life & Cas. Co.*, 133 Ga. App. 527, 531-532 (211 SE2d 595) (1974).

*Judgment reversed with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 7, 1989.

Conrad & Abernathy, H. Clifton Conrad, Jr., for appellant.
Cameron D. Simpson, James T. McDonald, Jr., for appellees.