### A92A1574. SAUNDERS et al. v. BAILEY et al.
(423 SE2d 688)

POPE, Judge.

Claimant Charlotte A. Bailey sustained a severe back injury which arose out of her employment with Burger King. She underwent surgery for the treatment of two ruptured disks and was unable to resume her job. She was unemployed for several months and then had a succession of jobs ranging from waitress to receptionist to gas station attendant but due to her physical condition was unable to hold the jobs. She then obtained a job as a janitorial worker with John Saunders, doing business as Spic-N-Span Janitorial Service ("Spic-N-Span"). During the job interview the employer described the duties as involving dusting, sweeping, mopping, vacuuming and removing the trash. According to the employer the claimant was asked if she had any health problems that would keep her from doing the type of work described to her, and the claimant answered that her health would not be a problem. The claimant did not disclose that she had a pre-existing back injury. Claimant was offered the job and approximately six weeks after commencing work she re-injured her back.

Claimant requested a hearing on her claim of a compensable injury against Spic-N-Span and her claim of a change in condition

against Burger King. The ALJ found the claimant "knowingly and willfully lied to [Spic-N-Span] at the time of hire when she stated that she had no physical problems that would prevent her from doing the work." The ALJ also found the employer relied on the claimant's representations and would not have hired her if her history of back problems had been revealed and further found a direct causal relationship between the misrepresentations and the new injury. Consequently, the ALJ concluded that the claim against Spic-N-Span was barred pursuant to the holding in *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989). On appeal to the full board, the board made a de novo consideration of the evidence and found that the information supplied by the claimant was not sufficient to show a wilful misrepresentation of her physical condition as required by the *Rycroft* opinion. In reaching this finding, the board noted that the information supplied by the claimant was not given in response to a written application and the board concluded that the questions asked by the employer were "vague verbal questions" which "provided the employee with an opportunity to form a subjective opinion as to any impairment of her ability to work and respond accordingly." The board ordered Spic-N-Span to pay benefits to the claimant for the new injury she had sustained and the superior court affirmed the board's order. Spic-N-Span filed this appeal.

The *Rycroft* opinion sets forth a three-pronged test for determining when an employee is barred from collecting workers' compensation benefits on the ground of fraudulent procurement of employment. One of the factors which must be shown to establish the *Rycroft* defense is that the employee "knowingly and wilfully made a false representation as to his physical condition." (Citation omitted.) 259 Ga. at 158. We find no requirement in *Rycroft* that the misrepresentation be made in response to written questions. In fact, the recitation of facts in the *Rycroft* opinion indicates the misrepresentation at issue in that case was made both on a written form and orally "during an interview. . . ." Id. at 156. The only issue in this case, then, is whether the claimant's oral statement constituted a knowing and wilful misrepresentation of her physical condition. Given the claimant's knowledge of her inability to perform several other jobs involving a wide range of physical activities, and given the claimant's admission at the hearing on the claim that other employers had refused to offer her a job once they learned that she had suffered a previous back injury, a question was presented for the trier of fact concerning whether claimant's statement was fraudulent. Under the "any evidence rule," it is our opinion that sufficient evidence was presented to support the finding of the ALJ. On the other hand, sufficient evidence was presented to support the conclusion that the claimant's answer to the question concerning whether her health

would permit her to perform the job was her good faith opinion and not a knowing misrepresentation. In reviewing a claim heard by a single ALJ, the board may make new and different findings of fact, even though the findings of fact by the ALJ are supported by some evidence. See, e.g., *Automatic Sprinkler Corp. of America v. Rucker*, 87 Ga. App. 375 (2) (73 SE2d 609) (1952). Thus, the superior court did not err in affirming the de novo findings of the board.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 28, 1992 —
RECONSIDERATION DENIED OCTOBER 14, 1992 — 

*Lowendick & Speed, Wallace Speed, Leigh A. Lockridge, Kenneth B. Donahue*, for appellants.

*Divine, Wilkin, Raulerson & Fields, W. Douglas Divine, William J. Murray*, for appellees.