A95A1047. CLINICAL ARTS HOME CARE SERVICES et al.
v. SMITH et al.
(462 SE2d 757)

ANDREWS, Judge.

Smith, who worked as a home health care aid for Clinical Arts Home Care Services (Clinical Arts) received workers' compensation benefits for a work-related injury she suffered in March 1993. She returned to work in May 1993 and suffered another work-related injury. When the original March 1993 injury occurred, Clinical Arts was insured by Aetna Casualty & Surety Company (Aetna Casualty), but when Smith was injured in May 1993, Clinical Arts was insured by Guarantee Mutual Life Insurance Company (Guarantee Mutual). Smith was paid benefits for the May 1993 injury, and a hearing was subsequently held before an administrative law judge (ALJ) to determine whether the May 1993 injury was a change in condition for the worse from the March 1993 injury, for which Aetna Casualty was responsible, or a new injury, for which the new insurer, Guarantee Mutual, was responsible.

The ALJ found that, when Smith returned to work in May 1993, she sustained the second accidental injury as a result of a specific job-related incident which aggravated the pre-existing back and shoulder condition resulting from the March accidental injury. Finding that the second incident at least partially precipitated Smith's present disability, the ALJ concluded that there was a new injury under the holding of *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (248 SE2d 678) (1978). There was testimony from Smith that she suffered the second injury when she leaned over to pick up a pan of water, and that this injury caused additional neck and arm pain not associated with the first injury. Smith's doctor testified that, as a result of the second incident, there was an aggravation of the pre-existing condition and also possible additional soft tissue damage.

The case was appealed to the appellate division of the State Board of Workers' Compensation, which heard the case on the parties' oral arguments and briefs and the evidence admitted in the trial division of the Board before the ALJ. After the hearing, the appellate division rendered a decision on August 30, 1994, reversing the deci-

sion of the ALJ and concluding that the evidence showed that there was a change in condition rather than a new injury. Contrary to the findings of the ALJ, the appellate division concluded that since "Smith suffered no specific incident during her return to work," there was a change in condition as a result of ordinary wear and tear rather than a new accident. See *Central State Hosp.*, supra at 309-310.

On appeal to the superior court, a timely order was not entered pursuant to OCGA § 34-9-105 (b), and the decision of the appellate division was affirmed by operation of law. We granted this discretionary appeal to Clinical Arts and its insurer, Aetna Casualty, which claim that the appellate division erred as a matter of law in reversing the decision of the ALJ.

The appellate division's August 30, 1994 decision was prefaced by the statement that "[u]pon de novo consideration of all evidence, the Appellate Division substitutes its findings of fact and conclusions of law for the administrative law judge's findings of fact and conclusions of law." Effective July 1, 1994, an amended version of OCGA § 34-9-103 (a) (Ga. L. 1994, p. 887, § 8) provided that, when the decision of an ALJ in the trial division is appealed to the appellate division, "[t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records."

We conclude that the appellate division's "de novo consideration of all evidence" in this case applied an incorrect standard of review to the evidence admitted in the trial division before the ALJ. Although in reviewing the ALJ's decision the appellate division must make its own findings of fact and conclusions of law, under the amended version of OCGA § 34-9-103 (a), it no longer conducts a de novo review of the evidence upon which the ALJ's findings of fact are based. Under the old version of OCGA § 34-9-103 (a), a review of the evidence admitted before the ALJ was de novo in the sense that the Board (now designated the appellate division) could disregard any findings of fact made by the ALJ, regardless of evidentiary support, and substitute its own findings of fact, as long as there was any evidence to support its substituted findings. *Saunders v. Bailey*, 205 Ga. App. 808, 810 (423 SE2d 688) (1992); *Automatic Sprinkler Corp. &c. v. Rucker*, 87 Ga. App. 375, 384-385 (73 SE2d 609) (1952). Under the amended version of OCGA § 34-9-103 (a), however, the appellate division is required to accept findings of fact made by the ALJ "where such findings are supported by a preponderance of competent and credible evidence contained within the records."[1] This new standard

---

[1] Although the issue in this case is the modified scope of appellate division review of

of review is inconsistent with the "de novo consideration of all evidence" applied by the appellate division in this case.

Moreover, we find that, even though the amended version of OCGA § 34-9-103 (a) became effective on July 1, 1994, after the ALJ heard the case and rendered his decision on February 22, 1994, the appellate division erred by failing to apply the amended version of the statute when it rendered its decision on August 30, 1994. The statute is procedural, there is no vested right in preserving appellate review of the ALJ's decision under the version of OCGA § 34-9-103 (a) which existed at the time the ALJ decided the case, and the Legislature did not express an intent that the amendment not be applied retroactively. *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988). Therefore, when the appellate division rendered its decision on August 30, 1994, it should have applied the amended version of OCGA § 34-9-103 (a) as the standard of review, rather than the de novo review applicable under the former version of the statute. *Drake v. La-Rue Constr. Co.*, 215 Ga. App. 453, 455-456 (451 SE2d 792) (1994); *Thompson v. Wilbert Vault Co.*, 178 Ga. App. 489 (343 SE2d 515) (1986).

Since the appellate division failed to review the evidence under the proper standard, and its decision reversing the ALJ was subsequently affirmed by operation of law pursuant to OCGA § 34-9-105 (b), we reverse the decision of the appellate division, and remand the case to the superior court with directions that the case be recommitted to the appellate division of the Board for review under the proper standard as set forth in this opinion.[2]

---

evidence already admitted before the ALJ, we note that the amended version of OCGA § 34-9-103 (a) also deleted language contained in the former version of the statute and all of its predecessor versions (see Ga. L. 1920, p. 167, § 58) giving the Board discretion to hear additional testimony while the decision of the ALJ was before the Board for review. Thus, it appears the Legislature intended to alter the nature of appellate review by the Board from that of a strictly de novo proceeding conducted by a Board capable of finding facts by hearing additional testimony, to an appeal to the appellate division, under the new modified scope of review, based on a record established in the trial division. See State Board of Workers' Compensation Rule 103 (b), (c); compare *Pacific Employers Ins. Co. v. West*, 213 Ga. 296, 297-298 (99 SE2d 89) (1957) (construing a former version of the statute as creating an appeal which authorized the taking of additional evidence before the board and "opened the entire case for a de novo hearing before the board as a fact-finding body").

[2] Although as pointed out by the dissent the appellants did not directly address the erroneous standard of review employed by the appellate division, the issue is necessarily presented by our review of whether the appellate division properly considered the evidence in concluding, contrary to the ALJ, that there was a change in condition rather than a new injury. Since the appellate division applied an erroneous de novo standard of review, it failed to properly consider the evidence. "Where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings." (Citations and punctuation omitted.) *Williams v. Crompton Highland Mills*, 190 Ga. App. 621, 624-625 (379 SE2d 622) (1989); *Clark v. Fire-*

*Judgment reversed and case remanded with directions. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent for two separate reasons. First, I fail to find in the record where the issue addressed in the majority opinion is the subject of the sole enumeration of error submitted in this case. Moreover, the issue addressed by the majority has not been raised, argued, discussed, or even mentioned in the brief of either party. Nor is a resolution of the issue addressed in the majority opinion necessary to reach the issues actually raised in this appeal. Under these circumstances a question of law is not ripe for appellate decision and should not be addressed by this Court.

Additionally, in my view, the majority opinion's analysis of the issue addressed is incorrect. While the majority opinion concludes that a statutory amendment has provided a new standard of review to be applied by the appellate division of the State Board of Workers' Compensation when reviewing the evidence admitted before an ALJ, I see no change of substance resulting from the new statutory language.

The new statutory language requires the appellate division to accept the findings of fact of the ALJ "where such findings are supported by a preponderance of competent and credible evidence contained within the records." See OCGA § 34-9-103 (a) as amended by Ga. L. 1994, p. 887, § 8, effective July 1, 1994. This is not an "any evidence" standard, but requires the appellate division to make a determination not only of the sufficiency of the evidence but also of the weight of the evidence. The burden is the same as that placed on the Board under the old statute. See *Saunders v. Bailey*, 205 Ga. App. 808, 810 (423 SE2d 688) and *Automatic Sprinkler Corp. &c v. Rucker*, 87 Ga. App. 375, 384-385 (73 SE2d 609). The provision for acceptance of the findings of fact entered by the ALJ and supported by a preponderance of evidence does nothing more than formalize the Board's longstanding practice of adopting the findings and conclusions of the ALJ except insofar as they conflict with the determinations of the Board. The appellate division, like the full Board under the old statute, is the final arbiter of the weight of the evidence, thus the ultimate factual findings reached upon review of the award of an ALJ is not altered by the statutory change. I fail to see any error, or harm, in the appellate division's use of de novo consideration.

The sole enumeration of error submitted in the case sub judice

*man's Fund Ins. Co.*, 131 Ga. App. 809, 810-811 (207 SE2d 222) (1974).

raises a question of whether the claimant, who became disabled on two occasions, sustained a new accident or a change of condition upon the occurrence of the second incident. The employer maintains that the appellate division's finding that the claimant sustained a change of condition rather than a new accident is erroneous as a matter of law. But this contention overlooks competent and credible evidence authorizing the finding of the appellate division. I would affirm the judgment below.

The cases cited in the second footnote of the majority opinion to refute this dissent are easily distinguished. Both of those cases as well as any references to awards based on erroneous legal theories relate to substantive issues of law. But the supposed error of law which the majority would correct is not substantive but procedural, thus more amenable to waiver as by appellant's failure to raise such an issue in the case sub judice.

DECIDED SEPTEMBER 8, 1995 —
RECONSIDERATION DENIED OCTOBER 5, 1995.

*Shivers, Johnson & Wilson, Benjamin J. Johnson, Edwin G. Russell, Jr.*, for appellants.

*Burdine & Brown, Thomas F. Brown II, Mallard & Wilson, Emmett E. Mallard, Jr.*, for appellees.