A96A0649. BENNETT-MURRAY, INC. et al. v. BARNES.

(473 SE2d 166)

BEASLEY, Chief Judge.

After sustaining an on-the-job injury, Barnes filed a workers' compensation claim against his employer, Bennett-Murray, Inc., for total disability income and medical benefits, as well as attorney fees. The ALJ denied the claim but the Appellate Division of the State Board awarded benefits and attorney fees. The superior court affirmed, and we granted the application for discretionary appeal of Bennett-Murray and its workers' compensation insurance administrator.

---

On May 27, 1994, Barnes sustained a twisting injury to his back while working as a pipe layer for Bennett-Murray. He testified that he had no prior back problems. On June 1, he went to the hospital, complaining of lower back pain, left leg pain, and some right leg pain. He was referred to Dr. Kalson, who began treatment on June 6.

In October, Dr. Cabot performed an independent examination. Barnes complained of right leg pain only. An MRI performed by Dr. Cabot demonstrated degenerative changes with disc bulging and probable herniation at L5-S1, with disc material contacting the thecal sac and left S1 nerve root. Because Barnes' complaints of pain were on the right side, whereas the MRI showed possible left-sided disc herniation, Dr. Cabot concluded that the herniation is not clinically significant and released Barnes to full-duty work. Dr. Kalson, on the other hand, concluded that the disc herniation is clinically significant, in that a centrally herniated disc will cause pain in both legs as it did in Barnes.

Finding that the MRI did not show central disc herniation, the ALJ found Dr. Cabot's conclusions more persuasive than Dr. Kalson's, and the ALJ denied benefits after finding that Barnes had not proven by a preponderance of the evidence that he is disabled as a result of his work injury.

The Appellate Division vacated the ALJ's award, concluding that the medical evidence sufficiently demonstrated that Barnes had proven by a preponderance of competent and credible evidence that he is disabled as a result of his work injury. It found that Barnes complained of left leg pain at his initial hospital visit and during physical therapy sessions while being treated by Dr. Kalson, that there were positive objective findings to substantiate his leg and back pain, and that he had no prior back problems.

1. OCGA § 34-9-103 (a), as amended in 1994, provides that "when the decision of an ALJ in the trial division is appealed to the appellate division, '[t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records.'" *Clinical Arts v. Smith,* 218 Ga. App. 681, 682 (462 SE2d 757) (1995). The amended version of OCGA § 34-9-103 (a) deleted language contained in the former versions of the statute giving the Board discretion to hear additional testimony. Id. at 682-683, n. 1. We thus held in *Smith* that although the Board was previously authorized to engage in a de novo consideration of the evidence and substitute its findings for those of the ALJ as long as there was any evidence to support its substituted findings, the Appellate Division does not have such authority under the new standard of review.

Nonetheless, the new standard authorizes the Appellate Divi-

sion to engage in a broader review of the evidence than that permitted under the "any evidence" standard. "Preponderance of evidence" means the superior weight of the evidence. OCGA § 24-1-1 (5). The new standard authorizes the Appellate Division to weigh the evidence. "Competent evidence" means evidence which is "admissible." OCGA § 24-1-1 (1). This aspect of the new standard only authorizes the Appellate Division to ensure that the ALJ's findings are supported by admissible evidence. However, the new standard also authorizes the Appellate Division to make determinations concerning the credibility of the evidence.

In this case, the Appellate Division has reviewed the testimony of conflicting medical experts and determined that the testimony of one is entitled to more credit and weight than that of the other. This is a function the Appellate Division is currently authorized to perform. Although there is evidence supporting the ALJ's finding that the testimony of one of the experts is entitled to greater credit and weight, there is evidence supporting the Appellate Division's alternative finding. Therefore, the latter's award must be affirmed, as it is not the function of either the superior court or this court to weigh the evidence. *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995).

2. The Appellate Division did not err in awarding attorney fees to Barnes.

Under OCGA § 34-9-221 (d), a notice controverting the right to compensation must be filed by the employer with the board on or before the twenty-first day after knowledge of the alleged injury or death. "If any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceeding may be assessed against the employer." OCGA § 34-9-108 (b) (2).

In this case, it is uncontested that Bennett-Murray filed the notice to controvert more than 21 days after knowledge of Barnes' injury. It did not offer any explanation for its noncompliance with § 34-9-221 (d). Consequently, the evidence supports the Appellate Division's finding that such noncompliance was without reasonable grounds. See generally *Carr v. A. P. & Harry Jones Logging*, 198 Ga. App. 698, 699 (1) (402 SE2d 538) (1991). The Appellate Division's award of attorney fees in the amount of 25 percent of income benefits awarded was supported by the testimony of Barnes' attorney that this was a reasonable and fair quantum meruit amount to be assessed. See *G. Carbonara & Co. v. Helms*, 205 Ga. App. 547, 548 (423 SE2d 36) (1992). Barnes did not abandon his attorney fee request in his appeal to the board.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 5, 1996 —
RECONSIDERATION DENIED JULY 9, 1996 —

*Moore & Rogers, Jeffrey A. Watkins, Michelle S. Davenport*, for appellants.
*Bennie H. Black*, for appellee.