A96A1227. T. V. MINORITY et al. v. CHAFFINS.
(479 SE2d 373)

BIRDSONG, Presiding Judge.

Jeffrey Chaffins suffered a work-related injury on March 26, 1993 and received workers' compensation benefits until he was released to his regular job as an inspector with appellant T. V. Minority. He then filed an application to the State Board of Workers' Compensation alleging a change of conditions as of August 26, 1993 or, in the alternative, seeking benefits and penalties under OCGA § 34-9-221. After a full hearing the ALJ denied Chaffins' claim on finding that he "failed to show a sincere effort to obtain suitable employment" and that his "economic condition is caused by his own self-imposed wage requirements and is unrelated to his physical condition." The ALJ noted that Chaffins is restricted from driving, working in high places and around heavy machinery, but nevertheless continues to drive four-wheel vehicles and to build "expert level model cars, using hobby knives, and painting his own decals. In 1994, [he] built approximately 60 model cars."

The board adopted the ALJ's findings and ruling. See OCGA § 34-9-103 (a). The superior court remanded the case, saying the issues are "whether suitable employment was offered and [sic] when the employee was not able to work, thus qualifying [him] for [temporary total disability and permanent partial disability] benefits and

whether there has been compliance with OCGA §§ 34-9-263 and 34-9-221." We granted this discretionary appeal. *Held*:

1. "In order to receive workers' compensation benefits based on a change in condition, *a claimant must establish by a preponderance of the evidence* that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination. *Once evidence is offered in support of the foregoing,* the board may in its discretion draw reasonable inferences from that evidence that despite the claimant's good faith efforts, his or her inability to obtain suitable employment was proximately caused by the continuing disability." (Emphasis supplied.) *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606).

In the first place, the premise on which the superior court remanded this case — that Chaffins was "not able to work" — is error as it is a substituted finding of fact. It is well settled that on appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division of the board's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and it is not authorized to substitute its judgment as to weight and credibility of the witnesses. *American Intl. Adjusting Co. v. Davis*, 202 Ga. App. 276, 277-278 (414 SE2d 292). The board concluded Chaffins *was* able to work. As this finding is supported by evidence, it is binding and the superior court had no power to change it.

Consistent with the law as stated in *Maloney*, the board found that although Chaffins is able to work he had not made sincere efforts to seek suitable employment and that his economic condition is caused by self-imposed requirements and is unrelated to his physical condition. These findings are supported by evidence and are binding. As there was evidence supporting the board's findings and no error of law appears, the superior court was required to affirm the board's denial of benefits.

2. As the denial of benefits is supported by evidence and law, no issue arises as to penalties under OCGA § 34-9-221.

*Judgment reversed. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the judgment that this change of economic condition case, brought under OCGA § 34-9-104, was erroneously remanded. As the majority holds, the award of the appellate division should have been affirmed by the superior court. OCGA § 34-9-105 (c) and (d) demanded it. Two items require that note be made, however.

1. The opinion states that the board "adopted" the ALJ's findings. Before the procedure was changed in 1994, OCGA § 34-9-103 (a) provided that the appeal to the board from the ALJ be a de novo proceeding, albeit sometimes only on the record. *Peters v. Liberty Mut. Ins. Co.*, 113 Ga. App. 41 (147 SE2d 26) (1966). The whole board acted as a factfinding body anew. *Atkinson v. Fairforest Co.*, 90 Ga. App. 425 (83 SE2d 243) (1954). The board was required to make findings of fact on which to base its decision. OCGA § 34-9-102; see *Pacific Employers Ins. Co. v. West*, 213 Ga. 296 (99 SE2d 89) (1957). In fulfilling this duty, it often adopted as its own the articulated findings of the ALJ when its findings were identical.

But since the revision of the review process in 1994, the board sitting as the appellate division does not repeat what the ALJ has done and make original findings of fact starting afresh but rather must defer to the ALJ's findings of fact in accordance with the new standard of review. In making its award, "[t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records." Ga. L. 1994, p. 887, § 8, eff. July 1, 1994. So the ALJ's findings of fact are not "adopted" by the appellate division as shorthand for its own express findings but rather, as in this case, "accepted" by it as true when properly supported. A reviewing superior court cannot substitute its own finding of fact for that of the ALJ. OCGA § 34-9-105. But the reviewing appellate division of the board can do so if the weight of competent and credible evidence compels it. The statute also gives the appellate division authority to remand the case to the ALJ for reconsideration and correction of errors and omissions (with or without additional evidence) if, for example, the ALJ's findings of fact are not duly supported.

2. The opinion refers to facts which "the board found" and concludes that its "findings are supported by evidence." It also states that the superior court was thus required to affirm "the board's denial of benefits." This should be interpreted to mean that it was the ALJ, sitting as the trial division of the board, who found the facts, and that it was the full board, sitting as the appellate division, which made the ALJ's award denying benefits its award, which award the superior court was required to affirm. OCGA §§ 34-9-103; 34-9-105. See *Clinical Arts v. Smith*, 218 Ga. App. 681 (462 SE2d 757) (1995).

Although the appellate division is required by law to include "findings of fact and conclusions of law" in explanation of its award, OCGA § 34-9-103 (a), it must accept the preponderance-supported findings of fact of the ALJ because its review is not strictly de novo. It does apply the "any evidence" standard, by which the appellate court simply examines the record to determine if there is competent evi-

dence to support each required finding of fact in a particular legal setting. Instead, it must examine all of the evidence in a hybrid type of review. '

If it agrees that the preponderance, the greater weight, lies with the party favored by the ALJ, it must accept the ALJ's findings of fact. *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137 (473 SE2d 166) (1996). Competency of the evidence is a legal question, but credibility is not; the appellate division must give deference to the ALJ's decision on credibility where such decision is based on seeing and hearing the witnesses. This handicap must be taken into account as a significant factor when the board judges the credibility of competent evidence when performing its hybrid review function. Thus, when we wrote in the recent opinion in *Bennett-Murray* that "the new standard . . . authorizes the Appellate Division to make determinations concerning the credibility of the evidence," we inferred this caveat. Id. at 139.

The statement in *Clinical Arts*, supra at 682, that "the appellate division must make *its own* findings of fact" is somewhat misleading as the appellate division cannot substitute its own findings for findings of the ALJ which are properly supported. As recognized further on in *Clinical Arts*, "the appellate division is required to accept findings of fact made by the ALJ" in accordance with the Code mandate.

DECIDED NOVEMBER 8, 1996.

*McLaughlin, Hendon & Miller, W. Zachary Hendon, Jr.*, for appellants.

*John W. Folsom*, for appellee.